WESTERN RADIO SERVICES COMPANY, INC, an Oregon corporation; Richard L. Oberdorfer, Plaintiffs—Appellants,

v.

Ann M. VENEMAN, Secretary, United States Department of Agriculture; United States Forest Service; Bryon Cheney; Sally Collins; Phil Cruz; Arthur J. Currier; Richard A. Ferraro; Lisa E. Freedman; Jim Galaba; Charles R. Graham, Jeffrey K. Handy; James M. Kensiton; Robert G. Macwhorter; Him McMillin; Carl Pence; Roman Reyes; Douglas V. Robin; Walter C. Schloer, Jr.; Thomas A. Schmidt; Susan V. Skalski; Charles E, Stocks; Allan Tschida; Bonnie Wood; Gary W. Lieuallen; David A. Arnold, Defendants—Appellees.

No. 02–36138.

D.C. No. CV–01–06240–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided May 25, 2004.

Marianne G. Dugan, Facaros, Dugan, Rosas, Eugene, OR, for Plaintiffs–Appellants.

Kenneth C. Bauman, Esq., Office of the U.S. Attorney, Portland, OR, for Defendants–Appellees.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM [*]

Western Radio Services Co., Inc. and Richard Lee Oberdorfer appeal the district court's judgment in their action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we affirm in part and reverse and remand in part. As the parties are familiar with the facts, we do not recount them here except as necessary.

■ Western Radio first argues that the district court erred in dismissing the majority of its claims on statute of limitations grounds. We disagree. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), forecloses application of the continuing violation doctrine in cases alleging a number of separate discriminatory actions. Western Radio's allegations are more in the nature of a series of discrete acts than a hostile work environment case, in which the violations cannot be said to occur on any particular days.[1]

■ Western Radio next argues that the district court erred in dismissing for failure to state a claim those claims falling within the statute of limitations. As to the claims concerning Wood, we agree with the district court that the withdrawal of an offer to mediate would not unduly chill a person of ordinary firmness from engaging in future First Amendment activities. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999). As to the administrative appeals concerning King Mountain and Round Mountain, these appeals are no longer pending and under Western Radio's analysis are now moot. As to Western Radio's claim that defendants failed to enforce a competitor's permit, the district court struck this allegation from the complaint and Western Radio does not challenge this on appeal.

As to Western Radio's fraud-on-the-court claim, we agree that the district court erred in dismissing this claim as merely derogatory and casting Handy in a bad light. All claims of fraud on the court and attorney misconduct are derogatory and cast the alleged perpetrator in a bad light. However, because Handy's alleged acts similarly occurred outside the statute of limitations period, the district court was correct in disregarding those acts in the current proceedings.

As to Western Radio's claim concerning the failure to process an administrative appeal relating to Walker Mountain, we are unable to determine the status of this matter. During oral argument, Western Radio's counsel at one point seemed to suggest that this claim was moot, but later

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not consider Western Radio's fraudulent concealment claim. Although the sub-stance of this claim as argued below is summarized in Western Radio's opening brief, no argument is made that the district erred in dismissing this claim. *See Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1138 (9th Cir.2003).

indicated that she may have misspoken. It doesn't appear that the district court addressed this claim below. We therefore remand for the district court to determine whether any claim pertaining to the failure to process a Walker Mountain appeal should proceed.

We agree with the district court that service of MacWhorter—left at his old office—was neither authorized by the Oregon rules nor reasonably calculated to apprise him of the action. We disagree with the district court's conclusion that service on Reyes was not reasonably calculated to apprise him of the suit, as it was left at his supervisor's office from which his mail was regularly forwarded. If, on remand, the district court determines that the claim relating to the Walker Mountain administrative appeal should proceed, and further finds that Reyes was connected with this matter, then this claim should proceed against Reyes. If, on the other hand, the district court finds that Reyes was not connected with the Walker Mountain administrative appeal claim, then our conclusion that service on him was proper does not affect the case in any way.

Finally, we agree with the district court that its conditional denial of Western Radio's motion to compel was not an abuse of discretion. Western Radio could have resubmitted this motion after it had taken the appropriate depositions, but did not. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.